# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
### MADISON COUNTY, ILLINOIS

MARK PETKUS,              )

       )

    Plaintiff,       )

       )

vs.               )    No. 20-L-1748

       )

JONES LANG LASALLE    )

AMERICAS, INC., and SEAN COSER,   )

       )

    Defendants.     )

## ALIAS SUMMONS

To the Defendant:    Jones Lang LaSalle Americas, Inc.
                      Registered Agent:  United Agent Group, Inc.
                      350 S Northwest Hwy, Ste. 300
                      Park Ridge, IL 60068

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, Madison County Courthouse, 155 North Main Street, Edwardsville, Illinois within 30 days after service of this Summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider.  Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit https://www.illinoiscourt.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer:

This summons must be returned by the officers or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so indorsed.  This summons may not be served later than 30 days after its date.



Witness, _____6/17/2021_____, 2021

(Seal)

/s/ Thomas McRae   /s/ Jennifer Schaefer
_____
(Clerk of Court)

Name:          Michael J. Brunton
Attorney For: Mark Petkus
Address:     819 Vandalia (Hwy 159)
City:          Collinsville, IL 62234
Telephone:   (618) 343-0750

Date of Service:_____, 2021
(To be inserted by officer on copy left with Defendant or other person)

Exhibit A

***EFILED**
Case Number 2020L 00174&
Date: 5/27/2021 3:07 PM
Thomas McRae
Clerk of Circuit Cour
Third Judicial Circuit, Madison County Illinoi:

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARK PETKUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   20-L-1748 |
| | ) | |
| JONES LANG LASALLE | ) | |
| AMERICAS, INC., and SEAN COSER, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### COUNT I - ADEA (Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to as "Petkus"), and for Count I of his First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL"), and states:

1. Petkus was employed by JLL at a facility managed by JLL, located in Madison County, Illinois.

2. At all relevant times, Petkus was qualified for his position and was able to perform essential functions of his job.

3. At all relevant times, Petkus performed his job duties according to JLL's legitimate expectations.

4. At all relevant times, JLL had more than 20 employees.

5. Petkus was 56 years of age during the last period of time that Petkus was employed by JLL.

6. Petkus was treated differently than similarly situated younger workers because of his age.

1

7.     Petkus was subjected to a hostile work environment and harassment, and was subjected to discrimination while working for JLL because of his age, in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq.*

8.     Petkus was terminated by JLL and Petkus was precluded from working at other Amazon distribution facilities because of JLL's termination.

9.     Petkus was terminated as a result of his age, which violates the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C Sec 621, *et seq.*

10.    Petkus filed a Charge of Discrimination with the EEOC and Illinois Department of Human Rights. A copy of the Charge is attached and incorporated as Exhibit "A".

11.    Petkus received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12.    Petkus filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

13.    As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14.    As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15.    As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

17.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

18.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of federal law and/or JLL approved or ratified the acts of hostile work environment, harassment, discrimination and/or wrongful termination and thus, JLL knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Petkus is entitled to liquidated damages.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

## COUNT II – ADEA (Retaliation-Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to "Petkus"), and for Count II of his First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL"), states:

1-7.    For paragraphs one (1) through seven (7) of Count II, Plaintiff incorporates and realleges paragraphs one (1) through seven (7) of Count I as though fully alleged herein.

8.      Petkus reported the hostile work environment, harassment, and discrimination due to his age to his supervisors at JLL.

9.      Petkus was subjected to continued discrimination, harassment and hostile work environment and adverse employment actions in retaliation for reporting the prior age

3

discrimination, harassment and hostile work environment, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

10.    Petkus was terminated and had adverse employment actions after reporting the prior discrimination, harassment, hostile work environment and adverse employment actions.

11.    Petkus's termination was as a result of Petkus engaging in the aforementioned statutorily protected activity of reporting age discrimination against JLL, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), *et seq.*

12.    Petkus filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

13.    Petkus received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

14.    Petkus filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

15.    As a result of the retaliation and retaliatory discharge by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16.    As a result of the retaliation and retaliatory discharge by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17.    As a result of the retaliation and retaliatory discharge by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18.    In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

4

19.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

20.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of federal law and/or JLL approved or ratified the acts of retaliation and retaliatory discharge and thus, JLL knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Petkus is entitled to liquidated damages.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

## COUNT III – Intentional Interference of Economic Advantage
### vs. Sean Coser

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to as "Petkus"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count III of his First Amended Complaint against Defendant, Sean Coser (hereinafter referred to as "Coser"), states:

1.     Petkus was employed by Jones Lang LaSalle ("JLL") at a facility managed by JLL, located in Madison County, Illinois. JLL operated the facility on behalf of Amazon.

2.     Coser was a former supervisor of Petkus at JLL.

3.     Coser participated in the investigations into Petkus' work and he provided information to JLL about this investigation.

4.     Coser caused incomplete and inaccurate information to be submitted to JLL about Petkus' job performance while employed at JLL.

5

5.     Petkus was terminated from JLL and has been precluded from future work at other Amazon facilities as a result of the incomplete and inaccurate information that Coser provided to JLL.

6.     Coser intentionally and wrongfully interfered with Petkus's economic relationship that he had through his employment at JLL, by failing to perform any adequate investigation into Petkus' job performance at JLL and by providing incomplete and inaccurate information to JLL, resulting in Petkus being terminated.

7.     Coser intentionally and wrongfully interfered with Petkus's economic relationship that he had at JLL, by failing to perform any adequate investigation into Petkus' job performance at JLL and providing incomplete and inaccurate information to JLL, resulting in Petkus's economic relationship with JLL being severed and Petkus being further precluded from working at any other Amazon facility.

8.     Coser acted maliciously with personal animosity against Petkus and acted for his own personal interests and not the interests of the corporation that Coser was employed with at the time of the above-referenced actions.

9.     As a proximate result of Coser's intentional interference with business relationship, Petkus lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

10.     As a proximate result of Coser's intentional interference with business relationship, Petkus is entitled to other incidental and consequential damages sustained by him.

11.     Petkus is also entitled to punitive damages as a result of Coser's intentional interference with business relationship.

6

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Sean Coser in an amount in excess of $50,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

## COUNT IV - IHRA (Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to as "Petkus"), and for Count IV of his First Amended First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL") states:

1-2.   For paragraphs one (1) and two (2) of Count IV, Plaintiff realleges and incorporates paragraphs one (1) and two (2) of Count I as though fully alleged herein.

3.   JLL, at all relevant times, had more than 15 employees.

4.   Petkus was terminated by JLL.

5.   Petkus was 57 years of age at the time of his termination.

6.   Petkus was replaced by a younger employee under the age of 40 years of age.

7.   Petkus was subjected to a hostile work environment, harassment and was subjected to discrimination while working for JLL because of his age, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

8.   Petkus was terminated as a result of his age, which violates the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

9.   Prior to his termination, Petkus was performing his job according to his employer's legitimate expectations.

10.   Petkus filed a Charge of Discrimination with the EEOC and IDHR. A copy of the Charge is attached and incorporated as Exhibit "A".

11.   Petkus received a Notice of Dismissal from IDHR. A copy of the Notice is attached and incorporated herein as Exhibit "C".

12.   Petkus filed this action within ninety (90) days of the receipt of the Notice of Dismissal.

13.   As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14.   As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15.   As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16.   In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

17.   In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL

18.   In addition, JLL, through its managers, had knowledge that it may have been acting in violation of law and/or JLL approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, JLL knew or showed reckless disregard on

whether its conduct was prohibited by the IHRA and Petkus is entitled to liquidated damages, if recoverable by the IHRA.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

## COUNT V – IHRA Retaliation - Age

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to "Petkus"), and for Count V of his First Amended First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL") states:

1-7.    For paragraphs one (1) through seven (7) of Count V, Plaintiff incorporates and realleges paragraphs one (1) through seven (7) of Count III as though fully alleged herein.

8.    Petkus reported the hostile work environment and discrimination due to his age to his supervisors at JLL.

9.    Petkus was subjected to discrimination, hostile work environment and was terminated by JLL in retaliation for reporting the age discrimination and hostile work environment.

10.    Petkus's discrimination and subsequent termination was caused as a result of him engaging in the aforementioned statutorily protected activity of reporting age discrimination against JLL, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

11.    Prior to his termination, Petkus was performing his job according to his employer's legitimate expectations.

12.    Petkus filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

9

13.     Petkus received a Notice of Dismissal from the IDHR. A copy of the Notice is attached and incorporated herein as Exhibit "C".

14.     Petkus filed this action within ninety (90) days of the receipt of the Notice of Dismissal.

15.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

19.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

20.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of law and/or JLL approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, JLL knew or showed reckless disregard on

whether its conduct was prohibited by the IHRA and Petkus is entitled to liquidated damages, if recoverable by the IHRA.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

BRUNTON LAW OFFICE, P.C.


_____/s/ Michael J. Brunton_____
Michael J. Brunton, #6206663
819 Vandalia (HWY 159)
Collinsville, IL 62234
mbrunton@bruntonlawoffice.com
(618) 343-0750
(618) 343-0227 Facsimile
*Attorneys for Plaintiff*

# Exhibit A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | __ FEPA<br>_X_ EEOC | 560-2020-00275 |

| Illinois Department of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr. Ms. Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Mark Petkus | 618.799.1916 | 5.23.1963 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 101 Lou Rosa, | Collinsville, IL 62234 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | | Phone No. (Include Area Code) |
|---|---|---|
| Jones Lange LaSalle Americas, Inc. (JLL) | 50+ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| Gateway Commerce Center Drive | Edwardsville, IL 62025 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE   __ COLOR   __ SEX   __ RELIGION   __ NATIONAL ORIGIN | Earliest        Latest<br>                    6/1/19 |
| _X_ RETALIATION   _x_ AGE   __ DISABILITY   __ OTHER (Specify below.) | _X_ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s))

SEE ATTACHED PARTICULARS PAGE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|

OFFICIAL SEAL
MELISSA N CALIENDO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/23

| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
|---|---|

| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
|---|---|

**Age discrimination & Retaliation:**

Mark Petkus was employed by Jones LaSalle Americas, Inc. (JLL).

Mark Petkus' age is 56 years.

Mark Petkus was treated differently than similarly situated younger employees because of his age.

Mark Petkus was able to perform all essential functions of his job.

Mark Petkus was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for JLL because of his age.

Mark Petkus reported the hostile work environment, harassment and discrimination because of his age to her superiors.

Mark Petkus was subjected to adverse employment actions and was terminated because of his age.

Mark Petkus was subjected to adverse employment actions and was terminated in retaliation for reporting the hostile work environment, harassment and discrimination because of his age.

# Exhibit B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Mark Petkus**<br>**101 Lou Rosa**<br>**Collinsville, IL 62234** | From: | **St. Louis District Office**<br>**1222 Spruce Street**<br>**Room 8.100**<br>**Saint Louis, MO 63103** |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601 7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **560-2020-00275** | **Jeffrey S. Jones,**<br>**Investigator** | **(314) 539-7935** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

**James M. Gall**
<span style="font-size:xx-small">Digitally signed by James M. Gall<br>DN: cn=James M. Gall, o=EEOC, ou=Intake,<br>email=james.gall@eeoc.gov, c=US<br>Date: 2020.09.14 12:59:29 -05'00'</span>

**Lloyd J. Vasquez, Jr.,**
**District Director**

September 14, 2020

*(Date Mailed)*

Enclosures(s)

cc:

| **Julie M. Baker**<br>**Employment Litigation Counsel**<br>**JONES LANG LASALLE AMERICAS, INC.**<br>**200 East Randolph Dr.**<br>**Chicago, IL 60601** | **Michael J. Brunton**<br>**BRUNTON LAW OFFICES**<br>**819 Vandalia (Hwy 159)**<br>**Collinsville, IL 62234**<br><br>**Mallory S. Zoia**<br>**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**<br>**7700 Bonhomme Ave.**<br>**Suite 650**<br>**Saint Louis, MO 63105** |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# Exhibit C

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:

MARK PETKUS,

                    COMPLAINANT,    CHARGE NO.    2020SR3083

AND

JONES LANGE LASALLE AMERICAS,
INC.,

                    RESPONDENT.

## NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
## AND ORDER OF CLOSURE

For Complainant

Michael Brunton
Brunton Law Offices
819 Vandalia St - Hwy 159
Collinsville IL 62234

For Respondent

Mallory Zola
Ogletree Deakins Nash Smoak &
Stewart PC
7700 Bonhomme Ave
Ste 650
St Louis MO 63105

DATE OF DISMISSAL: April 21, 2021

1.     YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause, a copy of which is enclosed. Based upon the enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(A-1) (3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.

2.     Complainant may commence a civil action against Respondent in the appropriate state circuit court or other appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately:** EEOC, John C. Kluczynski Federal Building, 230 South Dearborn Street, Suite 1866, Chicago, Illinois 60604.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3.     Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

EEOC Ref Chg (CR/SR)
Rev. 03/16/2020

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

CHARGE NO. 2020SR3083

## AFFIDAVIT OF SERVICE

Monica Vandeven , deposes and states that s/he served a copy of the attached

**NOTICE OF DISMISSAL AND ORDER OF CLOSURE** on each person

named below by depositing the same on     April 21, 2021    , in the U.S. Mail

Box at 100   West Randolph   Street, Chicago,   Illinois,   properly   posted

for   FIRST   CLASS MAIL,  addresses  as follows:

For Complainant

Michael Brunton
Brunton Law Offices
819 Vandalia St - Hwy 159
Collinsville IL  62234

For Respondent

Mallory Zola
Ogletree Deakins Nash Smoak &
Stewart PC
7700 Bonhomme Ave
Ste 650
St Louis MO  63105

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the
undersigned certifies that the statements set forth in this instrument are true and correct, except as to
matters therein stated to be on information and belief and as to such matters the undersigned certifies as
aforesaid that she verily believes the same to be true.



Monica Vandeven

**PLEASE NOTE:**

The above-signed person is responsible only for <u>mailing</u> these documents. Illinois
Department of Human Rights' staff are not permitted to discuss the investigation
findings once a Notice of Dismissal or Order of Closure has been issued.

JUN 2 2 2021

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

MARK PETKUS,                               )
                                           )
      Plaintiff,                    )
                                           )
vs.                                        )       No. 20-L-1748
                                           )
JONES LANG LASALLE                         )
AMERICAS, INC., and SEAN COSER,            )
                                           )
      Defendants.                   )

## ALIAS SUMMONS

To the Defendant:    Sean Coser
                          200 Lynne Meadows Lane
                          Florissant, MO 63033

      YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, Madison County Courthouse, 155 North Main Street, Edwardsville, Illinois within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gove/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit https://www.illinoiscourt.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer:

      This summons must be returned by the officers or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.



Witness, _____June 1st_____, 2021

/s/ Thomas McRae    /s/ Sarah Friedrich
_____
           (Clerk of Court)

Name:        Michael J. Brunton
Attorney For:  Mark Petkus
Address:     819 Vandalia (Hwy 159)
City:         Collinsville, IL 62234
Telephone:   (618) 343-0750

                Date of Service:_____, 2021
              (To be inserted by officer on copy left with Defendant or other person)

***EFILED***
Case Number 2020L 001748
Date: 5/27/2021 3:07 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARK PETKUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   20-L-1748 |
| | ) | |
| JONES LANG LASALLE | ) | |
| AMERICAS, INC., and SEAN COSER, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### COUNT I - ADEA (Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to as "Petkus"), and for Count I of his First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL"), and states:

1.      Petkus was employed by JLL at a facility managed by JLL, located in Madison County, Illinois.

2.      At all relevant times, Petkus was qualified for his position and was able to perform essential functions of his job.

3.      At all relevant times, Petkus performed his job duties according to JLL's legitimate expectations.

4.      At all relevant times, JLL had more than 20 employees.

5.      Petkus was 56 years of age during the last period of time that Petkus was employed by JLL.

6.      Petkus was treated differently than similarly situated younger workers because of his age.

1

7.     Petkus was subjected to a hostile work environment and harassment, and was subjected to discrimination while working for JLL because of his age, in violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq.*

8.     Petkus was terminated by JLL and Petkus was precluded from working at other Amazon distribution facilities because of JLL's termination.

9.     Petkus was terminated as a result of his age, which violates the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C Sec 621, *et seq.*

10.     Petkus filed a Charge of Discrimination with the EEOC and Illinois Department of Human Rights. A copy of the Charge is attached and incorporated as Exhibit "A".

11.     Petkus received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12.     Petkus filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

13.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

17.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment.  Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

18.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of federal law and/or JLL approved or ratified the acts of hostile work environment, harassment, discrimination and/or wrongful termination and thus, JLL knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Petkus is entitled to liquidated damages.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

## COUNT II – ADEA (Retaliation-Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to "Petkus"), and for Count II of his First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL"), states:

1-7.    For paragraphs one (1) through seven (7) of Count II, Plaintiff incorporates and realleges paragraphs one (1) through seven (7) of Count I as though fully alleged herein.

8.      Petkus reported the hostile work environment, harassment, and discrimination due to his age to his supervisors at JLL.

9.      Petkus was subjected to continued discrimination, harassment and hostile work environment and adverse employment actions in retaliation for reporting the prior age

3

discrimination, harassment and hostile work environment, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*

10.     Petkus was terminated and had adverse employment actions after reporting the prior discrimination, harassment, hostile work environment and adverse employment actions.

11.     Petkus's termination was as a result of Petkus engaging in the aforementioned statutorily protected activity of reporting age discrimination against JLL, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), *et seq.*

12.     Petkus filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

13.     Petkus received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

14.     Petkus filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

15.     As a result of the retaliation and retaliatory discharge by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16.     As a result of the retaliation and retaliatory discharge by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17.     As a result of the retaliation and retaliatory discharge by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

4

19.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment.  Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

20.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of federal law and/or JLL approved or ratified the acts of retaliation and retaliatory discharge and thus, JLL knew or showed reckless disregard on whether its conduct was prohibited by the ADEA and Petkus is entitled to liquidated damages.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

## COUNT III – Intentional Interference of Economic Advantage
## vs. Sean Coser

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to as "Petkus"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count III of his First Amended Complaint against Defendant, Sean Coser (hereinafter referred to as "Coser"), states:

1.     Petkus was employed by Jones Lang LaSalle ("JLL") at a facility managed by JLL, located in Madison County, Illinois.  JLL operated the facility on behalf of Amazon.

2.     Coser was a former supervisor of Petkus at JLL.

3.     Coser participated in the investigations into Petkus' work and he provided information to JLL about this investigation.

4.     Coser caused incomplete and inaccurate information to be submitted to JLL about Petkus' job performance while employed at JLL.

5

5.      Petkus was terminated from JLL and has been precluded from future work at other Amazon facilities as a result of the incomplete and inaccurate information that Coser provided to JLL.

6.      Coser intentionally and wrongfully interfered with Petkus's economic relationship that he had through his employment at JLL, by failing to perform any adequate investigation into Petkus' job performance at JLL and by providing incomplete and inaccurate information to JLL, resulting in Petkus being terminated.

7.      Coser intentionally and wrongfully interfered with Petkus's economic relationship that he had at JLL, by failing to perform any adequate investigation into Petkus' job performance at JLL and providing incomplete and inaccurate information to JLL, resulting in Petkus's economic relationship with JLL being severed and Petkus being further precluded from working at any other Amazon facility.

8.      Coser acted maliciously with personal animosity against Petkus and acted for his own personal interests and not the interests of the corporation that Coser was employed with at the time of the above-referenced actions.

9.      As a proximate result of Coser's intentional interference with business relationship, Petkus lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

10.     As a proximate result of Coser's intentional interference with business relationship, Petkus is entitled to other incidental and consequential damages sustained by him.

11.     Petkus is also entitled to punitive damages as a result of Coser's intentional interference with business relationship.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Sean Coser in an amount in excess of $50,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

### COUNT IV - IHRA (Age)

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to "Petkus"), and for Count IV of his First Amended First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL") states:

1-2.    For paragraphs one (1) and two (2) of Count IV, Plaintiff realleges and incorporates paragraphs one (1) and two (2) of Count I as though fully alleged herein.

3.      JLL, at all relevant times, had more than 15 employees.

4.      Petkus was terminated by JLL.

5.      Petkus was 57 years of age at the time of his termination.

6.      Petkus was replaced by a younger employee under the age of 40 years of age.

7.      Petkus was subjected to a hostile work environment, harassment and was subjected to discrimination while working for JLL because of his age, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

8.      Petkus was terminated as a result of his age, which violates the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

9.      Prior to his termination, Petkus was performing his job according to his employer's legitimate expectations.

10.     Petkus filed a Charge of Discrimination with the EEOC and IDHR. A copy of the Charge is attached and incorporated as Exhibit "A".

11.     Petkus received a Notice of Dismissal from IDHR. A copy of the Notice is attached and incorporated herein as Exhibit "C".

12.     Petkus filed this action within ninety (90) days of the receipt of the Notice of Dismissal.

13.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15.     As a result of the hostile work environment, harassment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

17.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL

18.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of law and/or JLL approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, JLL knew or showed reckless disregard on

whether its conduct was prohibited by the IHRA and Petkus is entitled to liquidated damages, if recoverable by the IHRA.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

**COUNT V – IHRA Retaliation - Age**

NOW COMES Plaintiff, Mark Petkus (hereinafter referred to "Petkus"), and for Count V of his First Amended First Amended Complaint against Defendant, Jones Lang LaSalle Americas, Inc. (hereinafter referred to as "JLL ") states:

1-7.    For paragraphs one (1) through seven (7) of Count V, Plaintiff incorporates and realleges paragraphs one (1) through seven (7) of Count III as though fully alleged herein.

8.      Petkus reported the hostile work environment and discrimination due to his age to his supervisors at JLL.

9.      Petkus was subjected to discrimination, hostile work environment and was terminated by JLL in retaliation for reporting the age discrimination and hostile work environment.

10.     Petkus's discrimination and subsequent termination was caused as a result of him engaging in the aforementioned statutorily protected activity of reporting age discrimination against JLL, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

11.     Prior to his termination, Petkus was performing his job according to his employer's legitimate expectations.

12.     Petkus filed a Charge of Discrimination with the Illinois Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

9

13.     Petkus received a Notice of Dismissal from the IDHR. A copy of the Notice is attached and incorporated herein as Exhibit "C".

14.     Petkus filed this action within ninety (90) days of the receipt of the Notice of Dismissal.

15.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17.     As a result of the hostile work environment, discrimination and wrongful termination by JLL, Petkus will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18.     In addition, Petkus is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

19.     In addition, Petkus is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Petkus is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by JLL.

20.     In addition, JLL, through its managers, had knowledge that it may have been acting in violation of law and/or JLL approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, JLL knew or showed reckless disregard on

whether its conduct was prohibited by the IHRA and Petkus is entitled to liquidated damages, if recoverable by the IHRA.

WHEREFORE, Plaintiff, Mark Petkus, requests that judgment be entered in his favor and against Jones Lang LaSalle Americas, Inc. in an amount in excess of $50,000.00 and award costs of suit.

BRUNTON LAW OFFICE, P.C.

_____ /s/ Michael J. Brunton _____
Michael J. Brunton, #6206663
819 Vandalia (HWY 159)
Collinsville, IL 62234
mbrunton@bruntonlawoffice.com
(618) 343-0750
(618) 343-0227 Facsimile
*Attorneys for Plaintiff*

11

# Exhibit A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | __ FEPA<br>_X_ EEOC | 560-2020-00275 |

| Illinois Department of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Mark Petkus | 618.799.1916 | 5.23.1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 101 Lou Rosa, | Collinsville, IL 62234 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | | Phone No. (Include Area Code) |
|---|---|---|
| Jones Lange LaSalle Americas, Inc. (JLL) | 50+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| Gateway Commerce Center Drive | Edwardsville, IL 62025 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN<br><br>_X_ RETALIATION  _x_ AGE  __ DISABILITY  __ OTHER (Specify below.) | Earliest          Latest<br>                    6/1/19<br><br>_X_ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed. attached extra sheet(s)):

SEE ATTACHED PARTICULARS PAGE

2019 OCT 31   PM 1: 35
ST LOUIS DISTRICT
EEOC

OFFICIAL SEAL<br>MELISSA N CALIENDO<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:05/10/23

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>*Melissa N Caliendo* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>7/5/19        *Mark Petkus*<br>Date        Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)        9-5-19 |

**Age discrimination & Retaliation:**

Mark Petkus was employed by Jones LaSalle Americas, Inc. (JLL).

Mark Petkus' age is 56 years.

Mark Petkus was treated differently than similarly situated younger employees because of his age.

Mark Petkus was able to perform all essential functions of his job.

Mark Petkus was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for JLL because of his age.

Mark Petkus reported the hostile work environment, harassment and discrimination because of his age to her superiors.

Mark Petkus was subjected to adverse employment actions and was terminated because of his age.

Mark Petkus was subjected to adverse employment actions and was terminated in retaliation for reporting the hostile work environment, harassment and discrimination because of his age.

RECEIVED
EEOC
ST LOUIS DISTRICT
2019 OCT 31  PM 1:35

# Exhibit B

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Mark Petkus<br>101 Lou Rosa<br>Collinsville, IL 62234 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2020-00275 | Jeffrey S. Jones,<br>Investigator | (314) 539-7935 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**James M. Gall**
Digitally signed by James M. Gall
DN: cn=James M. Gall, o=EEOC, ou=Intake,
email=james.gall@eeoc.gov, c=US
Date: 2020.09.14 12:59:29 -05'00'

Lloyd J. Vasquez, Jr.,
District Director

September 14, 2020

(Date Mailed)

Enclosures(s)

cc:
Julie M. Baker
Employment Litigation Counsel
JONES LANG LASALLE AMERICAS, INC.
200 East Randolph Dr.
Chicago, IL 60601

Michael J. Brunton
BRUNTON LAW OFFICES
819 Vandalia (Hwy 159)
Collinsville, IL 62234

Mallory S. Zoia
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
7700 Bonhomme Ave.
Suite 650
Saint Louis, MO 63105

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*